## APPEAL OF ST. PAUL TABLE CO.

Docket No. 2249.     Submitted May 19, 1925.     Decided September 30, 1925.

Evidence *held* insufficient to allow deduction for depreciation.

*Charles H. Preston*, *C. P. A.*, for the taxpayer.
*A. Calder Mackay*, *Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This is an appeal from the determination of a portion of a deficiency in income and profits tax for the calendar years 1919 and 1920 amounting to $355.39 and $12,459.01, respectively. The portion of the deficiency in issue results from the disallowance of certain deductions which taxpayer claimed were sustained by depreciation based on March 1, 1913, values. No competent evidence was offered by taxpayer of the actual value of property as of March 1, 1913. From the pleadings and oral and documentary evidence submitted, the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is a corporation organized in 1891 under the laws of the State of Minnesota, under the name of North St. Paul Table Co., with an authorized capital of $50,000, divided into $10,000 seven per cent preferred and $40,000 common stock. On December 10, 1907, the name was changed to St. Paul Table Co. and the capital increased to $150,000, eliminating all preferred stock. At the same time a stock dividend of 300 per cent, amounting to $80,000, was issued. Taxpayer's principal place of business is at Minneapolis, and it is engaged in the manufacture of furniture and owns and operates a plant and equipment for that purpose.

2. The taxpayer acquired its buildings and equipment prior to March 1, 1913, and except for some replacements and repairs they were the same in 1919 and 1920 as on March 1, 1913. The books of the taxpayer were kept on the basis of cost.

3. Deductions by taxpayer for depreciation were of an erratic nature. If the net profits were small in any one year, very little, if any, depreciation was written off, while in years when profits were ample large amounts were written off. In this manner it reduced

the total investment in buildings of $34,590.87 to about $4,000, with a remaining life of 6 years for one part and 23 years for another part thereof, the total cost of each of the two units being about equal.

4. All replacements of a minor nature and all repairs have been charged to expense in past years, in addition to the depreciation written off. The Commissioner disallowed the depreciation under formulæ used by the taxpayer and applied the rates of 2 per cent for depreciation to brick buildings, 5 per cent on a brick building 20 years old at the time acquired and also on frame buildings, 5 per cent on machinery, 10 per cent on office fixtures and horses and wagons, and 25 per cent on automobiles, based on cost at the time acquired.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

GRAUPNER: The only issue involved in this appeal is whether the Commissioner erred in refusing to allow as a deduction from income the amount of depreciation which taxpayer claimed it sustained, based on March 1, 1913, values. The deductions for depreciation allowed by the Commissioner were based on cost according to the book values carried by taxpayer and, in the absence of sufficient proof that the books and records maintained by the corporation do not reflect actual investment in plant and buildings, the determination of the Commissioner must be approved.

ARUNDELL not participating.